UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED ENTERPRISE FUND, LP,

    Plaintiff,

-vs-                                            Case No. 8:08-cv-1488-T-24-MAP

MODERN BUSINESS ASSOCIATES, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for a more definite statement (Doc. No. 8). Plaintiff opposes this motion. (Doc. No. 10.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored under the law. Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." Eye Care International, Inc. v. Underhill, 92 F. Supp.2d 1310, 1316 (M.D. Fla. 2000)(citation omitted). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." Id. (citation omitted).

**BACKGROUND**

Plaintiff's three-count Amended Complaint charges Defendant with breach of contract, unjust enrichment, and fraud in the inducement. Plaintiff's three claims arise out of one alleged transaction, in which Plaintiff—who loans money to businesses in exchange for equity therein—wired $80,000 to Defendant—who was responsible for handling the payroll of four of Plaintiff's client–companies—on the oral understanding that the money was to be used to fund the upcoming payroll disbursement for the four businesses. (Am. Compl. ¶¶ 6–12.) Instead of distributing the funds, however, Defendant applied the money to an antecedent debt owed to Defendant by the businesses. (Id. ¶ 13–14.) Thereafter the businesses failed. (Id. ¶ 17.) Defendant claims that Plaintiff's Amended Complaint is too vague to provide Defendant with a fair understanding of the three claims and potential defenses thereto because (1) Plaintiff insufficiently identifies the relevant failed businesses and Plaintiff's relationship to them, and (2) Plaintiff's description of its business transactions within the state of Florida are overly vague.

**DISCUSSION**

A. *QSR Entities and Plaintiff's Relationship Thereto*

First, Defendant claims that Plaintiff does not sufficiently identify the businesses that allegedly failed as the result of Defendant's retention of the $80,000. In Plaintiff's Amended Complaint, it describes the businesses as:

> Four related companies operating restaurant franchises in the Florida panhandle, Alabama and North Carolina. The franchise businesses are known as QSR I, QSR II, QSR III and the CR Group, and will be hereafter referred to collectively as the "QSR Entities"

(Am. Compl., ¶ 6.) Plaintiff also explains that the QSR Entities are companies that employ

Defendant to manage their payroll and who collectively owed Defendant a total of $100,000. (Id. ¶¶ 8, 13.) In addition, Plaintiff identifies the companies as those regarding which Plaintiff's representative Jeffery Keys spoke to Defendant's President Mark Lettelleir on September 25, 2007. (Id. ¶ 11.) During that conversation, Plaintiff alleges that the two men created an oral contract whereby Plaintiff would send Defendant $80,000 to be applied to the QSR Entities' payrolls. (Id.)

This level of specificity in identifying the QSR Entities is certainly sufficient to allow Defendant to understand Plaintiff's claims and identify any defenses that might pertain.

Defendant also claims that, in order to have a sufficient understanding of Plaintiff's claims, Defendant must know more about Plaintiff's business relationship to the companies. The Court is unpersuaded. Plaintiff's Amended Complaint states that Plaintiff "is a private investment firm in the business of lending money to, and taking equity positions in, certain selected businesses and companies" (Am. Compl. ¶ 5) and that it had "loaned money to and taken an equity position in" the QSR Entities (Id. ¶ 6). This is a sufficient statement of Plaintiff's relationship to the QSR Entities to give Defendant notice of the claims against it, which revolve primarily around Defendant's transaction with Plaintiff itself: breach of contract, unjust enrichment, and fraud in the inducement.

B. *Plaintiff's Business Dealings Within the State of Florida*

Defendant next notes that Plaintiff amended its Complaint, which first stated that Plaintiff did business in Florida, to say that Plaintiff does not conduct business in the state. Defendant asks for clarification of this statement and suggests that perhaps Plaintiff's transactions with the QSR Entities qualify as "doing business" in Florida. However, this is an

3

issue for discovery, not for this Motion, as the Amended Complaint is not vague on this point. The Amended Complaint unambiguously states that Plaintiff is "domiciled in the State of Delaware," and that it "does not do business in the State of Florida, within the definition of Chapter 620, Florida Statues." (Am. Compl., ¶ 1.) The Court therefore finds no basis for ordering a clarification of the pleading on the issue.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for a more definite statement (Doc. No. 8) is DENIED. DONE AND ORDERED this 28th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

4